## JEREMIAH HEMENWAY *versus* ARTEMAS HEMENWAY.

Where the defendant, being employed by the plaintiff to sell land, accordingly sold the same and took a promissory note for part of the proceeds, when he might have received the money, and upon being called on to pay over the proceeds said he knew nothing about the matter, it was *held* that the jury were warranted in finding that he unreasonably delayed to pay over the proceeds, although the action was commenced before he had collected the note.

ASSUMPSIT for money had and received. Trial before *Putnam* J.

On the 12th of August, 1824, the plaintiff, being a creditor of Asa Lawrence, employed the defendant to take a conveyance from Lawrence of his right in equity to redeem certain land, and to make sale of the land upon the best terms he could, and after discharging the incumbrances, to pay the surplus to the plaintiff. The defendant sold the land to one Eaton in March 1825 for 2335 dollars, payable on the 1st of April then next. On the 30th of March Eaton paid all the purchase money except 28 dollars, for which he gave his promissory note, and which was not paid when this action was commenced, viz. May 28, 1825, but was paid in June following. Eaton was in good credit, and the defendant might have received the 28 dollars on the 30th of March. The plaintiff was entitled to about 70 dollars, if he was to recover any thing in this action. On the day when the action was commenced, the plaintiff made a demand on the defendant of what was due on the Bully execution, as the execution against Lawrence was called. The defendant replied that "he knew nothing about it,—if Bully owed any thing, he might collect it himself,—he had nothing to do with it,—he had before said all that he could say about it." The defendant paid off the incumbrances as early as March 30, 1825.

The defendant contended that he was not liable to be sued for the surplus proceeds of the land, until he had collected the whole, or haa been guilty of some fraud or unreasonable neglect. And the jury were instructed to find for the plaintiff, if from the evidence they believed that the defendant had conducted himself fraudulently, or if he had unreasonably delayed to settle and finish the business when the demand was

Hemenway *made ; otherwise to find for the defendant. They found for*
*v.* *the plaintiff, and the defendant moved for a new trial on the*
Hemenway. ground that the evidence would not warrant the finding.

  *Hoar*, for the defendant.

  *Lawrence*, for the plaintiff.

*April term*  *Per Curiam.* We do not see cause to set aside the ver-
1828. dict. This case was put to the jury in the most favorable
light for the defendant. As he had no authority to sell on
credit, he might have been held as having assumed the debt
when he took the notes payable to himself.[1] This however
would have been *strictum jus.* But there was no reason for
his withholding the balance until June, when he might, accord-
ing to the testimony of Eaton, have received the 28 dollars
on the 30th of March, and certainly ought to have called for
it in a few days after the note for that sum was given. He
acted also disingenuously when called upon by the plaintiff,
for instead of stating that he wanted time to collect the small
balance, he denied his responsibility, and turned him over to
the original debtor who had paid the debt. These facts were
sufficient to justify the jury in finding that he had unreasonably
delayed, even if he had not acted fraudulently.

---

   [1] See 2 Kent's Comm. (3d ed.) 620 to 623.